REGISTER OF DEEDS FOR THE COUNTY OF SUFFOLK *vs.* MAYOR OF BOSTON & others.[1] June 15, 1982. This action, seeking declaratory and injunctive relief, was commenced prior to the beginning of the current fiscal year (July 1, 1981-June 30, 1982), by the register of deeds for the county of Suffolk (register), alleging that the budget proposed for the registry by the mayor of Boston (mayor) would be inadequate. The plaintiff sought a temporary restraining order, but that request was denied. After the beginning of the fiscal year on July 1, 1981, but before the regular annual appropriations were passed, the registry operated on a so called "one-twelfth" budget under St. 1909, c. 486, § 3A (§ 3A inserted by St. 1941, c. 604, § 1). At the end of August the registry received appropriations in the amount of $460,000, of which $400,000 was allocated to personnel on an unrestricted basis. The appropriation for the previous year had been approximately double that amount. The register's budget request for the current fiscal year was in the amount of $1,203,353.

A hearing was held before a judge of the Superior Court, who heard evidence and received from the parties an extensive stipulation of agreed facts. The controversy presented issues concerning the budget process as it concerned the register for Suffolk County, the mayor, city council of Boston in their capacity as county commissioners, and the treasurer for the county of Suffolk. At the Superior Court hearing, and again before this court, it was conceded by counsel for the defendants that the sum appropriated fell far short of being adequate for continued operation of the registry. The judge of the Superior Court denied the register's request for a preliminary injunction, and he discussed the merits of the issues only to

---

[1] County commissioners and the county treasurer for the county of Suffolk.

the extent of deciding that the relevant statutory scheme made it "highly unlikely" that the register would succeed on the merits of his action.

At oral argument before this court, counsel for the defendants represented that substantial additional funds had in recent days been transferred to the registry's accounts, and that it was the intent of the defendants to continue to provide adequate funds for continued operation of the registry. In the circumstances it was clear that the plaintiff had not demonstrated irreparable harm (or indeed any harm at all) requisite to injunctive relief. Consequently, having received this assurance that the vitally necessary services of the registry would be continued, the full court, by an order entered three days after the argument of the case, affirmed the judge's denial of a preliminary injunction. We need not reach the merits of the arguments advanced by the register which, inter alia, assert that he has the sole power to determine the financial requirements of his office, that as an elected official he is not subject to control by the mayor, and that his budget request must be approved unless it is arbitrary and unreasonable.

*Bertram E. Snyder* for the plaintiff.

*Harold J. Carroll*, Corporation Counsel, for the defendants.